IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30479
_____

OSCAR SMITH, JR

                                        Plaintiff

v.

SHEILA E WINDALL, Secretary of the United States Air
Force

                                        Defendant-Appellee

v.

KENNETH MICHAEL PLAISANCE

                                        Intervenor Plaintiff-
                                        Appellant

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-2617)
_____
April 4, 2000

Before KING, Chief Judge, and GARWOOD and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Intervenor Plaintiff-Appellant Kenneth Michael Plaisance

appeals the district court's judgment dismissing some of the

claims in Plaintiff Oscar Smith, Jr.'s civil rights action with

prejudice and dismissing the remainder without prejudice.

_____

  [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because we find that Plaisance lacks standing to pursue this appeal, we DISMISS.

## I.

On August 8, 1996, Plaintiff Oscar Smith filed a civil rights action against Defendant-Appellee Sheila Windall, in her capacity as Secretary of the United States Air Force (the "Secretary"). Smith, an African-American male, was a civil servant in the Air Force. After his employment was terminated, Smith brought suit against the Secretary, alleging a number of civil rights claims. Ultimately, the district court dismissed Smith's complaint.

Before the district court dismissed Smith's complaint, Smith's attorney, Intervenor Plaintiff-Appellant Kenneth Plaisance, moved to withdraw as counsel of record. Plaisance explained that irreconcilable differences between him and Smith motivated his request to withdraw, and the district court granted his motion. Five days later, Plaisance moved to intervene in the case so as to preserve any right he may have to attorney's fees should Smith ultimately prevail in the underlying litigation. The district court granted Plaisance's motion to intervene, stating that he was "entitled to make claim for statutory attorney fees . . . if and when Oscar Smith settles this claim or receives a judgment in this matter."

Smith's subsequent motion for appointment of counsel was denied, and on March 10, 1999, the district court granted in part

2

and denied in part the Secretary's motion for summary judgment. The district court's decision dismissed a portion of Smith's claims with prejudice, and gave him until March 31, 1999, to submit a supplemental complaint curing defects in his remaining claims. The district court stated that if Smith did not submit a supplemental complaint, his remaining claims would be dismissed without prejudice.

By April 5, 1999, Smith had not filed an amended complaint. Therefore, in accordance with its earlier ruling, the district court entered judgment dismissing a portion of Smith's claims with prejudice and dismissing his remaining claims without prejudice. Only Plaisance, as intervenor, filed a notice of appeal. Given Smith's failure to file an appeal, it appears that he has accepted the adverse judgment and chosen to forego any further litigation of this matter.

## II.

Although neither party raised the issue of Plaisance's standing to bring this appeal, standing is an element of subject matter jurisdiction and we may raise the issue sua sponte. See In re Weaver, 632 F.2d 461, 462 n.6 (5th Cir. 1980). If the only appellant in an appeal lacks standing, we lack jurisdiction to decide the merits of the case. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990). The burden of demonstrating standing rests at all times with the party seeking to assert federal jurisdiction. See Warth v. Seldin, 422 U.S. 490, 518

3

(1975).

At the request of this court, Plaisance submitted a supplemental brief discussing his standing to bring this appeal.[1] Plaisance's supplemental brief argues that he has standing based on his "public interest and duty" in seeing Smith's civil rights vindicated. Plaisance also admits that he has an "economic interest" in seeing Smith's case reinstated. We are unpersuaded that Plaisance's interest in this case is sufficient to give him standing to pursue this appeal.

Our analysis in this case is controlled by the Supreme Court's decision in Diamond v. Charles, 476 U.S. 54 (1986). In that case, Diamond intervened in a case brought against the state of Illinois that challenged the Illinois Abortion Law as unconstitutional. Diamond's decision to intervene in defense of the law was based, in part, on his "conscientious objection to abortion." Id. at 58. The district court permanently enjoined portions of the law and the injunction was upheld on appeal to the United States Court of Appeals for the Seventh Circuit. See id. at 61. After the Seventh Circuit's adverse decision, Illinois chose not to appeal. Diamond, however, chose to

---

[1] Plaisance's original brief on appeal does not mention the issue of standing. Nor does it discuss his posture in this case beyond stating: "On June 25, 1998, undersigned withdrew as counsel of record. On June 30, 1998, undersigned intervened into the law suit." The remainder of the brief simply argues Smith's case on the merits and makes no mention of Plaisance's status as intervenor, nor does it discuss the original reason for Plaisance's intervention -- to preserve his right to attorney's fees.

4

challenge the court's decision and appealed the case to the Supreme Court, which noted probable jurisdiction.  See Diamond v. Charles, 471 U.S. 1115 (1985).

Ultimately, however, the Court rejected Diamond's appeal, finding that he lacked standing to challenge the circuit court's decision.  See Diamond 476 U.S. at 68.  While the Court recognized that Diamond's status as an intervenor meant that he was considered a party entitled to appeal, the Court held that "an intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III."  Id.; accord United States v. Texas, 158 F.3d 299, 303 (5th Cir. 1998); Sierra Club v. Babbitt, 995 F.2d 571, 574 (5th Cir. 1993).[2]

Without Smith, it is impossible for Plaisance to establish Article III standing.  Plaisance's ability to recover attorney's fees is contingent upon Smith prevailing in the underlying civil rights action.  By choosing not to appeal the district court's judgment, Smith has also effectively foreclosed Plaisance from recovering statutory attorney's fees.  Plaisance's alleged sense of civic duty in seeking to "vindicate the civil rights act" will not suffice to give him standing to appeal; Smith, not Plaisance, is the only party who can claim injury from the acts alleged in

---

[2]  While Plaisance's motion to intervene lists Smith as a "defendant" in the intervention, Plaisance's interests are clearly aligned with Smith's.

his complaint, and therefore a necessary party to an appeal. Plaisance simply may not appeal a decision of the district court in "order to champion the rights of another." Rohm & Hass Texas, Inc. v. Ortiz Brothers Insulation, Inc., 32 F.3d 205, 208 (5th Cir. 1994).

There are a number of routes Plaisance could have taken to collect attorney's fees from Smith; trying to keep the original lawsuit alive in spite of Smith's apparent unwillingness to continue litigating the matter is not one of them. Plaisance lacks standing to pursue this appeal.

## III.

For the above stated reasons, the appeal is DISMISSED. Costs shall be taxed to appellant.